UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN BAKER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RALPH "ED" PRICE, et al.,<br><br>　　　　　　Defendants. | CASE NO. C12-5858 BHS<br><br>ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff John Baker's ("Baker") motion for entry of default judgment (Dkt. 17). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On April 30, 2013, Baker moved the court "for the entry of a default judgment against the Defendant Ralph 'Ed' Price ["Mr. Price"] and 'Jane Doe' Price ["Ms. Price"], Husband and Wife . . . ." *Id.* at 1. He bases his motion on the facts that these Defendants were personally served and more than 21 days has elapsed since the service of the

summons and complaint. *Id*. at 2. Baker requests that after entry of default judgment is entered, "a hearing should be conducted to determine the amount of damages . . . ." *Id*.

## II. DISCUSSION

Fed. R. Civ. P. 55(b)(2), which governs the entry of default judgment, provides as follows:

> (b) Entering a Default Judgment
> * * *
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>    (A) conduct an accounting;
>    (B) determine the amount of damages;
>    (C) establish the truth of any allegation by evidence; or
>    (D) investigate any other matter.

Baker is not entitled to entry of default judgment. Counsel for Mr. and Ms. Price has appeared in this action. Dkt. 6. Baker has failed to provide proof that Mr. and Ms. Price's legal representative has been served "with written notice of the application for entry of default judgment at least 7 days" before Baker filed the instant motion with the Court. *See* Fed. R. Civ. P. 55(b)(2) and Dkt. 17. Thus, it follows that Baker is not entitled to the requested hearing regarding the computation of damages resulting from an entry of default judgment. *Id.*

## III. ORDER

Therefore, it is hereby **ORDERED** that Baker's motion for entry of default judgment (Dkt. 17) is denied.

Dated this 10th day of May, 2013.

BENJAMIN H. SETTLE
United States District Judge